LEIGH M. CLARK, Retired Circuit Judge.
A jury found appellant guilty of rape in the first degree under an indictment charging him with the violation of Code of Alabama 1975, § 13A-6-61, which provides in pertinent part:
“(a) A male commits the crime of rape in the first degree if;

“(e) He, being sixteen years or older, engages in sexual intercourse with a female who is less than 12 years old.”
The court fixed his punishment at imprisonment for forty-five years and sentenced him accordingly.
The undisputed evidence, including the testimony of the alleged victim, a female ten years of age at the time of the alleged offense, was to the effect that the alleged crime was committed by the defendant and that he was about thirty-two years of age at the time. The specific determination of any issue as to penetration would call for a detailed discussion of considerable evidence on the subject. It suffices here to say that evidence was sufficient to present a jury issue as to penetration.
The only issue raised on appeal is whether the trial court erred in refusing to give defendant’s requested “Charge # 4” as follows:
“The Court charges you that if you do not believe from the evidence that the defendant, being sixteen years or older, engaged in sexual intercourse with a female, [the name is given therein but is omitted herein for obvious reasons], who is less than 12 years old, but you do believe from the evidence that the defendant engaged in deviant [sic] sexual intercourse involving his sex organ and the mouth or anus of [the named victim], then you may find the defendant guilty of sexual misconduct.”
We hope to avoid as much ribaldry as possible by limiting our discussion of the issue presented to the brief remarks that follow.
There was some slight evidence as to “deviate sexual intercourse” between defendant and the alleged victim to be found in the following part of her testimony:
“Q. Did he do anything else to you or make you do anything to him?
“A. He — yes.
“Q. What did he do?
“A. He made me suck—
“Q. Well, are you afraid of Kenneth?
*486 “A. Yes.”
Appellant argues: “Requested jury charge number four deals with the lesser offense of sexual misconduct, as found in Ala.Code, Sec. 13A-6-65(a)(3),” which provides:
“A person commits the crime of sexual misconduct if:
“(3) He or she engages in deviate sexual intercourse with another person under circumstances other than those covered by Sections 13A-6-63 and 13A-6-64. Consent is no defense to a prosecution under this subdivision.”
The conduct upon which appellant bases his contention is not an offense defined by Code of Alabama 1975, § 13A-6-65(a)(3), but an offense proscribed by § 13A-6-'63(a)(3), which provides:
“A person commits the crime of sodomy in the first degree if:
“(3) He, being 16 years old or older, engages in deviate sexual intercourse with a person who is less than 12 years old.”
By § 13A-6-63(b), Sodomy in the first degree is a Class A felony, not a lesser included offense to the offense charged in the indictment. Both are Class A felonies and subject to the same punishment.
Moreover, any offense that appellant claims was a “lesser included offense” to the crime expressly charged was not in fact a part of the specific conduct of the defendant that furnishes a basis for the verdict and judgment herein, but a distinct, additional offense.
The trial court was correct in refusing defendant’s requested “Charge # 4.”
There is no error in the record prejudicial to defendant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur.